# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL PORRAZZO,

        Plaintiff,

v.

WAZNIAK, ET AL.,

        Defendants.

Case No. 25-cv-12100
Hon. Jonathan J.C. Grey

_____/

## OPINION AND ORDER
## DISMISSING THE COMPLAINT

Plaintiff Daniel Porrazzo is a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan. He filed a pro se complaint in this Court asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). (ECF No. 1.) In his complaint, Porrazzo alleges he was denied proper medical care after sustaining a cut from a damaged prison phone booth. (*See id.*) He names Corrections Officer Wazniak, Registered Nurse J. Fleenor, Registered Nurse Kovar, and Assistant Warden Davis as defendants. (*Id.*) He seeks monetary damages. (*Id.*)

Because Porrazzo is proceeding in forma pauperis, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–609 (6th Cir. 1997). On review, a district court must dismiss a case at any time if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if, viewing the facts in the light most favorable to plaintiff, it is clear "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

## I.    BACKGROUND

According to the complaint, on February 23, 2023, Porrazzo sustained a large cut when his cheek rubbed against a jagged edge on a prison phone booth. (ECF No. 1, PageID.26.) Porrazzo located Wazniak and asked to be seen by medical staff. (*Id.* at PageID.28.) Wazniak informed Porrazzo he would have to wait until the "next move," which

was in 45 minutes. (*Id.*) Porrazzo explained that he required more immediate medical attention because he was taking blood thinners. (*Id.*) Porrazzo then showed his injury to Lieutenant Green, who promptly escorted him to the medical unit for evaluation. (*Id.*)

At the medical unit, Fleenor placed a small band aid over the cut. (*Id.*) She refused Porrazzo's request for a tetanus shot and declined to complete an accident report or take pictures of the injury. (*Id.*)

After Porrazzo returned to his housing unit, the wound began bleeding again. Wazniak contacted medical staff. (*Id.*) Kovar responded and escorted Porrazzo back to the medical unit. (*Id.*) Kovar cleaned the wound, applied additional bandages, and administered a tetanus shot. (*Id.*) She declined Porrazzo's request to take photographs of the injury or prepare an accident report. (*Id.*)

Later that same day, Porrazzo showed Warden Hemingway his injury, explained how the injury occurred, and reported that medical staff had refused his requests for an accident report. (*Id.*) Porrazzo also told Warden Hemingway that, a few days earlier, Davis had taken photographs of the damaged phone booth and remarked that "this phone booth is a definite hazard." (*Id.*)

Porrazzo states that he now has an 8-inch scar along the side of his face and that other inmates have mocked him with derogatory names such as "scar[] face." (*Id.* at PageID.8, 27.)

Porrazzo sues defendants in their personal and official capacities. He seeks $5,000,000 in punitive damages.

## II.  ANALYSIS

Porrazzo asserts that defendants violated his rights under the Eighth and Fourteenth Amendments. He also raises a negligence claim under the Federal Tort Claims Act ("FTCA"). For the reasons explained below, Porrazzo fails to state a claim upon which relief may be granted.

### A.  Constitutional Claims

Porrazzo alleges that defendants violated his rights under the Eighth and Fourteenth Amendments by failing to provide adequate medical care and by allowing the prison phone booth to remain in a hazardous condition.

Porrazzo seeks damages from federal officials for alleged constitutional violations. Such claims arise, if at all, under *Bivens*. The Supreme Court has recognized only three contexts in which a private

4

right of action for damages may be brought directly against federal officials for constitutional violations under *Bivens*:

> (1) a Fourth Amendment claim for unreasonable search and seizure, *Bivens*, 403 U.S. at 397;
>
> (2) a Fifth Amendment due process claim for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 248–249 (1979); and
>
> (3) an Eighth Amendment claim for failure to provide adequate medical care to a prisoner, *Carlson v. Green*, 446 U.S. 14, 14–15 (1980).

The Supreme Court has not recognized a *Bivens* remedy under the Fourteenth Amendment. *Faller v. Dep't of Justice*, No. 24-5955, 2025 WL 2986035, at *2 (6th Cir. June 25, 2025), *cert. denied*, No. 25-572, 2026 WL 80011 (U.S. Jan. 12, 2026); *see also Montalban v. Samuels*, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017)). The Court declines to conclude that exceptional circumstances exist to expand *Bivens* to consider Porrazzo's claims for damages under the Fourteenth Amendment. Moreover, the Fourteenth Amendment restricts the activities of the states, and thus there can be no claim for violation against federal employees. *See Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (internal citations omitted) ("The Fourteenth Amendment's Due Process Clause restricts the

activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government."). Porrazzo therefore fails to state a viable Fourteenth Amendment claim.

Porrazzo also invokes the Eighth Amendment. Although the Supreme Court recognized an Eighth Amendment *Bivens* remedy in *Carlson*, the Court has since made clear that expanding *Bivens* beyond the contexts already recognized is a "disfavored judicial activity." *Ziglar*, 582 U.S. at 135. The Supreme Court has articulated a two-step test for determining whether a *Bivens* claim may proceed. First, a court must determine whether the claim arises in a new context, that is, whether it differs "in a meaningful way" from prior *Bivens* cases decided by the Supreme Court. *Id.* at 139. If the claim arises in a new context, the court must then consider whether any special factors weigh against extending the *Bivens* remedy. *Egbert,* 596 U.S. at 492 (citing *Ziglar*, 582 U.S. at 136). If there is "even a single 'reason to pause'" before extending *Bivens*, a court may not recognize the remedy. *Id.* (quoting *Hernandez v. Mesa,* 140 S. Ct. 735, 743 (2020)).

Porrazzo's allegations arise in a meaningfully different context from *Carlson*. In *Carlson*, the Court permitted a damages action where prison officials allegedly failed to provide life-saving medical treatment to an inmate suffering from a severe asthma attack, resulting in his death. *Carlson*, 446 U.S. at 16 n.1. By contrast, Porrazzo alleges that he received medical attention for a facial cut, including bandaging, wound cleaning, and a tetanus shot. His allegations therefore concern the adequacy of treatment for a non-life-threatening injury rather than the denial of life-saving medical care. That difference renders the case a new *Bivens* context.

When a claim arises in a new context, courts may not extend *Bivens* if there is even a single reason to believe that Congress is better suited to determine whether a damages remedy should be available. *See Egbert*, 596 U.S. at 492–496. Here, alternative remedial mechanisms exist, including the Bureau of Prisons' administrative grievance process and potential relief under the FTCA. The availability of these alternative mechanisms provides reason to hesitate before extending *Bivens* to this context.

Accordingly, the Court declines to recognize a *Bivens* remedy for Porrazzo's Eighth Amendment claims.

Even if a *Bivens* remedy were available, Porrazzo's allegations would still fail to state an Eighth Amendment claim. The Eighth Amendment prohibits government officials from inflicting "cruel and unusual punishments." U.S. Const. amend. VIII. Pursuant to that prohibition, prison officials must provide humane conditions, including food, clothing, shelter, medical care, and reasonable protection from serious harm. *See Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994).

To state an Eighth Amendment claim based on inadequate medical care, a prisoner must satisfy both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires a plaintiff's medical need to be "sufficiently serious," meaning "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896–897 (6th Cir. 2004). The subjective component requires a showing that the defendant knew of and deliberately

8

disregarded an excessive risk to the prisoner's health. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006).

Here, Porrazzo's allegations do not plausibly establish that any defendant acted with deliberate indifference. The complaint itself indicates that Porrazzo was promptly escorted to the medical unit, that his wound was bandaged, and that he later received additional treatment, including wound cleaning and a tetanus shot. At most, Porrazzo's allegations suggest a disagreement with the course of treatment provided or dissatisfaction with the medical staff's refusal to document the injury with photographs or an accident report. Such allegations do not rise to the level of deliberate indifference under the Eighth Amendment.

Porrazzo also appears to contend that prison officials violated the Eighth Amendment by allowing the phone booth to remain in a dangerous condition. Prison officials have a duty to provide inmates with reasonable safety and may violate the Eighth Amendment if they knowingly disregard a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834.

Porrazzo's allegations do not plausibly establish an Eighth Amendment violation. At most, he alleges that the phone booth had a jagged edge that caused him to suffer a cut and that Defendant Davis previously remarked that the booth was a hazard. These allegations describe, at most, a potentially unsafe condition or negligence in maintaining prison equipment. Negligence, even if it results in injury, does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Accordingly, Porrazzo's allegations concerning the phone booth also fail to state a plausible Eighth Amendment claim.

**B.    FTCA Claim**

Porrazzo also appears to assert a negligence claim under the FTCA. The FTCA provides the exclusive remedy for claims seeking damages for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

In an FTCA action, the United States is the only proper defendant. 28 U.S.C. §§ 1346(b)(1), 2679(a). Actions against federal agencies or Government employees, even in their official capacities, are not cognizable under the FTCA. See *FDIC v. Meyer*, 510 U.S. 471, 476 (1994)

(recognizing that the proper defendant in an FTCA action is the United States, not a federal agency); *Loeffler v. Frank*, 486 U.S. 549, 562 n.8 (1988) (recognizing that an official capacity suit against a federal official is a suit against the official's agency, rather than the United States); *Briscoe v. United States*, 268 F. Supp. 3d 1, 9 (D.D.C. July 25, 2017).

Here, Porrazzo has not named the United States as a defendant. Instead, he asserts his claims against individual federal employees. Because the United States is the only proper defendant in an FTCA action, Porrazzo cannot proceed under the FTCA in this case.

## III. CONCLUSION

For the reasons stated, Porrazzo fails to state a claim upon which relief may be granted. Accordingly, **IT IS ORDERED** that Porazzo's complaint is **DISMISSED**. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

<u>**s/Jonathan J.C. Grey**</u>
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2026

11

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2026.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager